UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
LYUDMILA NESTEROVA,

                       Plaintiff,            **ORDER**
                                               14 CV 6978 (CLP)

      -against-

HOME CARE SERVICES FOR INDEPENDENT
LIVING, INC., *doing business as* HCS for
Independent Living, GLADYS CONFIDENT,
KWABENA ACHAMPONG, ALFRED DAVEY,
INNA DORMAN,

                       Defendants.

------------------------------------------------------------ x

**POLLAK**, United States Magistrate Judge:

        On December 1, 2014, Lyudmila Nesterova ("plaintiff") commenced this action against Home Care Services for Independent Living, Inc., doing business as HCS for Independent Living, Gladys Confident, Kwabena Achampong, Alfred Davey, and Inna Dorman (collectively, "defendants"), seeking unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"), the New York Labor Law Article 6 § 190 et seq. and Article 19 § 650 et seq. ("NYLL"), and the wage orders promulgated by the New York State Department of Labor and codified at 12 N.Y.C.R.R. §§ 137-146.

        During a conference with this Court held on December 10, 2015, the parties, under the supervision of the Court, reached a resolution of the action. In light of the Second Circuit's recent clarification that judicial approval is required to effectuate the settlement of a plaintiff's claims under the FLSA, see Cheeks v. Freeport Pancake House, Inc., No. 14 CV 299, 2015 WL 4664283 (2d Cir. Aug. 7, 2015), the Court scheduled a hearing for March 23, 2016 to determine the

the fairness of the settlement. The parties briefed the issue in advance of the hearing.

In considering whether to approve an FLSA settlement, courts look at whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." <u>Le v. Sita Info. Networking Computing USA, Inc.</u>, No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation").

In this case, after supervising the settlement negotiations, and considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations between experienced counsel sufficient to gain an understanding of the risks and benefits of proceeding with the litigation, this Court is cognizant of the many issues that would require further discovery and the risks of litigation if the case were to proceed. Accordingly, the Court finds that the settlement reached is a fair and reasonable compromise of the plaintiff's claims, and hereby approves the settlement.

**SO ORDERED.**

Dated: Brooklyn, New York
       March 23, 2016

/s/ Cheryl Pollak

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York